GLADNEY, Judge.
In this action sounding in tort the plaintiff, Eugene L. Parrish, claims damages from the Shreveport Transit Company, Inc., for an acute lumbosacral sprain, and a psychiatric reaction allegedly caused by the negligence of R. J. Ybos, employee operator of one of defendant’s trolleys, which on March 4, 1960, ran into the rear of plaintiff’s stopped automobile. Counsel for the traction company has admitted that Ybos was negligent in allowing the trolley to come into contact with the rear end of the car driven by plaintiff, but asserts that the impact was not great and could not have caused injury. For other stated reasons it was contended there was no causal connection between the incident of March 4th and plaintiff’s alleged injuries. After a trial on the merits, judgment was rendered rejecting plaintiff’s demands with dismissal of his *709 suit. From that decision plaintiff has lodged this appeal.
Following the collision the bumper and rear end of plaintiff’s automobile were inspected and photographed, revealing only a slight dent in the bumper and a negligible scratch upon the fender. Ybos and several passengers on the trolley testified the collision produced only mild jarring. Plaintiff conceded that he observed no substantial damage to the rear of his car, but that upon contact between the two vehicles he was jarred and temporarily stunned. He said he experienced no immediate pain and so advised Ybos. Plaintiff testified, however, that on the following day he began to experience pain in his lower back and consulted Dr. Harold R. Bicknell, who, following a routine orthopedic examination, diagnosed his condition as a lumbosacral sprain and recommended hospitalization. The suggestion was rejected by plaintiff, who told the doctor he preferred to receive treatment at home. Plaintiff said that on March 9th his pain increased to such an extent he entered the North Louisiana Sanitarium under the care of Dr. Bicknell, who placed him in traction, prescribed a belt, and administered sedatives. However, he was discharged from the hospital on March 12th.
Thereafter Dr. Bicknell continued to treat plaintiff with some recognition of improvement in his condition. On March 28th plaintiff told his physician he was able and wished to return to work. On the next visit, April 8th, Parrish advised that he had been working and Dr. Bicknell noted all evidence of muscle spasm had disappeared. The doctor at that time thought Parrish to be in good condition although subject to some discomfort from his back. Plaintiff was admitted to the Schumpert Sanitarium on April 11th and remained there for about seven days. He was still complaining of back pain but there were no objective symptoms supporting this condition and Dr. Bicknell recognized that his patient was taking an excessive amount of drugs or alcohol intoxicants and he could no longer account for the complaints of plaintiff as to his back condition. On April 27th Parrish was referred to Dr. Fred C. Boykin, a neurologist, and was again hospitalized. Following a thorough examination by Dr. Boykin the patient on April 30th was' turned over to Dr. Erie W. Plarris, who testified that although plaintiff complained to him of back injury, his prime problem was the correction of drug intoxication and alcoholism. Plaintiff’s use of drugs and alcohol increased until it was necessary that he be treated in a state institution at Jackson, where he remained eighteen days, being released some time in July.
This suit was instituted on October 11, 1960, and reached for trial on February 17, 1961. Following the accident of March 4th plaintiff drew four months of insurance at the rate of $300.00 per month, after which the policy was canceled.
In our efforts to arrive at a proper decision upon the issues of disability herein, we have been constantly concerned with inconsistent and erratic testimony by the plaintiff. The confused picture presented by plaintiff is no doubt in a large measure attributable to the unfortunate habits which apparently have affected plaintiff’s endeavors since early adulthood. He has been plagued with repeated periods or episodes of intemperance which have been deterring factors in his business and personal life. With only a fourth grade education, he became a butcher and later a salesman. About twelve years ago he married his present wife, a beautician, who largely has supported her husband. From time to time Parrish has worked, but not long at any job. He worked for some time with Frosted Foods, but several weeks prior to the accident he was discharged and began working for Messina’s Frozen Foods as a salesman, his territory including a number of towns in North Louisiana. With the lessening of his back pain subsequent to the accident, plaintiff returned to Messina’s Frozen Foods, but he was soon replaced.
*710 On October 10, 1959, Dr. Ray E. King examined plaintiff for back pain. The examination revealed negative findings except for hemorrhoids and on January 4, 1960, an operation to relieve this latter condition was performed by Dr. Broox Garrett. Plaintiff testified he was using drugs excessively in the fall of 1959, but that after the operation of January 4th, he discontinued all use of drugs and alcoholic drinks. Subsequent to March 4, 1960 Parrish experienced a number of automobile accidents which seem to indicate these occurred while plaintiff was under the influence of either alcohol or drug intoxication.
The record is replete with irreconciliable statements by plaintiff and it is difficult to rely upon portions of his testimony. For these reasons, particularly due to the nature of the accident and the untrustworthiness of plaintiff’s testimony, counsel for appellee has urged this court to affirm the ruling of the trial court and reject plaintiff’s contention there exists causal connection between plaintiff’s alleged injuries and the. accident.
Counsel for appellee has earnestly argued a lumbosacral sprain could not have been caused from the slight jar occasioned when the trolley struck the rear of plaintiff’s automobile. This court has frequently recognized that a lumbosacral sprain can be caused by a slight twisting or strain of the muscles of the back, substantial corroboration for which comes from many doctors. Even though plaintiff’s car sustained only a light impact, we are of the opinion the blow was capable of disturbing the muscles of plaintiff’s body and causing a muscular sprain. Nor is it fatal to plaintiff’s cause that symptoms of such a sprain did not develop until the late afternoon of the following day. The findings of objective symptoms, including involuntary muscle spasm and sciatic list so soon after the accident, justify the finding of causal connection with the accident. The testimony of Dr. Bicknell is not controverted and establishes beyond any reasonable doubt that plaintiff sustained a lumbosacral sprain, the cause of which can only be related to the trolley collision. The doctor’s testimony reveals that muscular spasm was evident until the examination of April 8th, but not thereafter. Plaintiff, however, was continuing to complain of back pain. On April 27th plaintiff was examined by Dr. Boykin, who gave his opinion that plaintiff was exaggerating his condition, but nonetheless was suffering from lumbosacral sprain. On April 30th Dr. Harris was consulted and at that time it was plainly indicated that plaintiff’s main difficulty was the excessive use of drugs.
We have examined the testimony of Drs. Thomas A. Norris and King, orthopedists, and Drs. T. L. Young and Erie Harris, psychiatrists, and find the testimony is cumulative and adds little, if anything, to the medical evidence relating to the sprain supplied by the testimony of Drs. Bicknell and Boykin. The record shows unquestionably, we think, that after April 27th plaintiff was in a serious condition brought about by excessive self-administered narcotics and alcohol, and no reliable evaluation of his condition is forthcoming.
We find proof that plaintiff suffered from acute pain from a mild or moderate lumbo-sacral sprain from March 5th to April 27th, inclusive. Plaintiff testified he was using drugs or alcohol to excess during the fall of 1959 until January, 1960, and after an interval started again after the trolley accident in March. It is not feasible, we think, to determine if plaintiff's lumbosacral sprain proximately caused a financial loss. Nor do we find proof of causal connection between the accident of March 4th and the so-called psychophysiological muscular skeletal reaction. For these reasons we are of the opinion plaintiff is entitled only to damages for pain due to the lumbosacral sprain and the medical expenses incurred in the treatment thereof from March 5 to April 30, 1960. We allow the sum of One Thousand Five Hundred ($1,500.00) Dollars for pain incident to the mild or moderate lumbo- *711 sacral sprain and the following medical expenses :
North Louisiana Sanitarium-$177.60
T. E. Schumpert Memorial Sanitarium - 181.40
Dr. H. R. Bicknell_ 99.00
Dr. F. C. Boykin -__ 25.00
Total $483.00
For the foregoing reasons it is ordered that the judgment from which appealed be reversed, and judgment rendered in favor of plaintiff, Eugene L. Parrish, and against Shreveport Transit Company, Inc., in the sum of One Thousand Nine Hundred Eighty-Three ($1,983.00) Dollars, together with legal interest thereon from date of judicial demand until paid. Defendant is cast with all costs of this suit.